## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Michael L. Schlief

    Plaintiff,

v.

Nu-Source, Inc.

    Defendant.

Court File No. _____

**COMPLAINT**

**(JURY TRIAL DEMANDED)**

For his complaint against Defendant Nu-Source, Inc., Plaintiff Michael L. Schlief states and alleges as follows:

### JURISDICTION AND VENUE

1.  This action arises under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"). Therefore, the Court has original jurisdiction to hear this complaint and to adjudicate the claims stated herein pursuant to 28 U.S.C. § 1331. This Court also has pendent jurisdiction for Plaintiff Michael L. Schlief's ("Schlief" or "Plaintiff") state law claims under 28 U.S.C. § 1367.

2.  Federal jurisdiction is also appropriate on the basis of diversity under 28 U.S.C. § 1332(a)(1) because Schlief is a citizen of the State of Minnesota, Defendant Nu-Source, Inc. ("Nu-Source" or "Defendant") is an Arizona corporation and Schlief's damages exceed $75,000.

3. Venue is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to this action occurred in the District of Minnesota.

## PARTIES

4. Schlief is a resident of the State of Minnesota. Schlief was an employee of Nu-Source as defined by 29 U.S.C. § 203(e).

5. Nu-Source is an Arizona corporation with its principal place of business in Arizona. Defendant's business is selling consumable supplies to printed circuit board manufacturers. Defendant is an employer as defined by 29 U.S.C. § 203(d).

## FACTUAL ALLEGATIONS

6. Schlief began working as an outside salesperson for Defendant in December 2005.

7. In the second half of 2007, Schlief began traveling to New York to work with Defendant's customers there.

8. In April 2008 Schlief met with Herb and Shelley Dunphy, Defendant's owners. They asked Schlief to consider moving to New York to service a particularly large customer of Defendant's, which had relocated there. Defendant and Schlief agreed that for the time being, Schlief would not relocate to New York, but that he would travel to the East Coast frequently on sales trips. At that point, Defendant gave Schlief a raise that included higher rates of compensation and commissions.

9. Ultimately, Defendant relocated Schlief to New York. Defendant rented a warehouse (with a small apartment on top in which Schlief was to live) near Binghamton, New York.

2

10. Schlief left for New York by car in May 2008. Once Schlief arrived, it became evident that there was so much work to do that Schlief would have to work seven days a week to keep up.

11. From June 2008 through June 2009, Schlief frequently worked eighteen-hour days, seven days a week. During that time, Schlief's duties included managing inventory, stocking shelves, making deliveries, loading and unloading trucks, cleaning, painting and mowing the lawn. Schlief was so busy performing these menial duties that he was only able to devote approximately 10% of his time to sales.

12. While he was working in New York, Schlief was paid $41,600 plus 3% commission. However, while he was in New York, Schlief was an exempt employee who should have been paid overtime under both the Fair Labor Standards Act and New York Labor Law. The amount of Schlief's unpaid overtime wages exceeds $75,000.

13. Defendant knew it was not compensating Schlief properly while he was working in New York. Schlief notified Defendant he was working far more than forty-hours per week. Moreover, when another of Defendant's employee's duties changed and he began doing warehouse work, Defendant reclassified him as a non-exempt employee. Schlief, however, was not reclassified as non-exempt.

14. In 2008, Defendant hired an employee to make deliveries and help Schlief in the warehouse. That employee ultimately resigned. The primary reason he resigned was that Defendant refused to pay him overtime for work performed in excess of forty-hours per week. For this reason as well, it is apparent Defendant knew it was failing to pay Schlief properly for all of his hours worked.

15.   In February 2010, Schlief moved to Minnesota. Meanwhile, in New York, two people were performing the work that Schlief had performed alone while he was there.

16.   Schlief continued to work for Defendant until July 14, 2010.

17.   At the end of November 2009, Herb Dunphy told Schlief he would be fired if he did not agree to forgo his paycheck for that month. Thus, Schlief was not paid his wages or commissions for the month of November 2009. Schlief was also not paid his commissions for the months of April, May or June, 2010.

18.   From March through July 14, 2010, Schlief incurred business expenses of approximately $2,800. Despite Schlief's written demand, Defendant has not reimbursed Schlief for these expenses.

## COUNT I

### FAIR LABOR STANDARDS ACT

19.   Plaintiff hereby incorporates the foregoing paragraphs by reference.

20.   The FLSA requires employers to pay employees for all hours worked. The FLSA, 29 U.S.C. § 207 requires employers to pay employees one and one-half times the regular rate of pay for all hours worked over forty hours per workweek.

21.   Defendant's actions, policies and/or practices described above violated the FLSA's overtime requirements by regularly and repeatedly failing to compensate Plaintiff for time spent on work activities as described in this Complaint.

22.   As the direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered and will continue to suffer a loss of income and other damages.

Plaintiff is entitled to liquidated damages and is also entitled to attorney's fees and costs incurred in connection with this claim.

23. Defendant knew, or showed reckless disregard for the fact that it failed to pay Plaintiff for all overtime at the required rate for all hours worked.

## COUNT II

### NEW YORK STATE LABOR LAW

24. Plaintiff hereby incorporates the foregoing paragraphs by reference.

25. While he worked in New York, Plaintiff was employed by Defendant within the meaning of New York Labor Law, Article 19.

26. By the course of conduct set forth above, Defendant violated the New York Labor Law, Article 19 §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142 ("New York Labor Law").

27. New York Labor Law requires an employer such as Defendant to pay overtime compensation to all non-exempt employees. Although Plaintiff was a non-exempt employee while he was working in New York, Defendant failed and refused to pay him required overtime compensation.

28. As the direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered and will continue to suffer a loss of income and other damages. Plaintiff is entitled to liquidated damages and is also entitled to attorney's fees and costs incurred in connection with this claim.

## COUNT III

## BREACH OF CONTRACT

29. Plaintiff hereby incorporates the forgoing paragraphs by reference.

30. Contracts exist between Plaintiff and Defendant. These contracts provide that Plaintiff would be paid his salary and commissions and that Plaintiff's business expenses would be reimbursed in exchange for Plaintiff's work for Defendant.

31. As described above, Defendant breached these contracts by failing to pay Plaintiff all of the salary, commissions and reimbursements owed.

32. As a result of these breaches of contract, Plaintiff is entitled to payment of his unpaid salary, commissions and reimbursements.

## COUNT IV

## MINN. STAT. §§ 181.13-14

33. Plaintiff hereby incorporates the foregoing paragraphs by reference.

34. Defendant violated Minn. Stat. §§ 181.13-14 by failing to pay Plaintiff his owed salary, commissions and unreimbursed within the time-periods set out in therein.

35. As a result of Defendant's violations of law, Plaintiff is entitled his unpaid salary, commissions, expenses, and the statutory penalty, interest, attorney's fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

1. All relief available under the FLSA, including: Judgment against Defendant for an amount equal to Plaintiff's unpaid back wages at the applicable overtime

rate; an amount equal to the unpaid back wages as liquidated damages; an award of prejudgment interest; and Plaintiff's attorneys fees and costs;

2. All relief available under New York Labor Law including: Judgment against Defendant for an amount equal to Plaintiff's unpaid back wages at the applicable overtime rate; an amount equal to the unpaid back wages as liquidated damages; an award of prejudgment interest; and Plaintiff's attorneys fees and costs;

3. All relief available on Plaintiffs' claim for breach of contract, including: an award of all of Plaintiffs' unpaid wages, commissions, expenses and costs;

4. All relief available on Plaintiffs' claim under Minn. Stat. §§ 181.13-14, including: an award of all of Plaintiffs' unpaid wages, commissions and expenses; a statutory penalty pursuant to Minn. Stat. §§ 181.13-14; costs and attorneys' fees to the extent allowed by law; and

5. Such further relief as the Court deems just and equitable.

Dated: Nor. 5, 2b

NICHOLS KASTER, PLLP

Steven Andrew Smith (#260836)
David E. Schlesinger (#387009)
4600 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Phone: (612) 256-3212
Fax:   (612) 338-4878

ATTORNEYS FOR PLAINTIFF