**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

| | |
|---|---|
| Michael L. Schlief, | Civil No. 10-04477 (DWF/SRN) |
| Plaintiff, | |
| vs. | **ANSWER AND COUNTERCLAIMS** |
| Nu-Source, Inc., | |
| Defendant. | |

---

Defendant, Nu-Source, Inc., for its Answer to Plaintiff's Complaint, admits, denies and alleges as follows:

1. Except as otherwise specifically admitted, clarified, or qualifiedly admitted, Defendant denies each and every allegation in Plaintiff's Complaint.

2. With respect to the allegations in Paragraphs 1, 2 and 3, the paragraphs contain jurisdictional and venue allegations that are neither properly admitted nor denied. To the extent they are construed to contain allegations of fact, they are denied.

3. Paragraph 4 contains a legal conclusion, not factual allegations, which is neither properly admitted nor denied. To the extent it is deemed to contain factual allegations, Defendant is without sufficient information to admit or deny where Plaintiff currently resides.

4. Defendant admits the allegation contained in the first sentence of Paragraph 5. Defendant denies the allegation contained in the second sentence. The third sentence

contains a legal conclusion, not factual allegations, which is neither properly admitted nor denied. To the extent it is deemed to contain factual allegations, they are denied.

5. With respect to Paragraph 6, Defendant denies the allegation.

6. With respect to Paragraph 7, Defendant admits the allegation.

7. With respect to Paragraph 8, Defendant admits only that Plaintiff occasionally worked in New York. The rest of the allegations contained in Paragraph 8 are denied.

8. With respect to Paragraph 9, Defendant admits only that Plaintiff relocated to Endicott, New York, and that defendant rented a warehouse, which included a living area for Plaintiff to reside. The rest of the allegations contained in Paragraph 9 are denied.

9. With respect to the first sentence of Paragraph 10, Defendant admits generally that in or around May 2008 Plaintiff drove by car to New York. Defendant denies the second sentence.

10. Defendant denies the allegations contained in Paragraph 11.

11. With respect to the first sentence of Paragraph 12, Defendant denies the allegation. The second sentence is a legal conclusion that is neither properly admitted nor denied. To the extent it is considered to contain factual allegations, it is denied. Defendant denies the third sentence.

12. Defendant denies the allegations contained in Paragraphs 13 and 14.

110108.3

2

13. With respect to the first sentence of Paragraph 15, Defendant is without sufficient information as to when Plaintiff moved, so it denies the allegation. Defendant denies the allegation contained in the second sentence.

14. With respect to Paragraph 16, Defendant admits that on or about July 13, 2010, Plaintiff terminated his employment with Defendant.

15. Defendant denies the allegations contained in Paragraphs 17 and 18.

16. With respect to the allegations contained in Paragraphs 19, 24, 29 and 33 of Plaintiff's Complaint, Plaintiff is attempting to incorporate previously pled paragraphs, and Defendant asserts the same answers and defenses in all previous paragraphs as if fully set forth herein.

17. With respect to the allegations contained in Paragraphs 20 and 25 of Plaintiff's Complaint, Defendant states that these are mere legal conclusions which require no answer. To the extent that these Paragraphs are deemed to be allegations of fact against Defendant, the same are denied.

18. Defendant denies the allegations contained in Paragraphs 21, 22, 23, 26, 27, 28, 30, 31, 32, 34 and 35 of Plaintiff's Complaint.

## PRAYER FOR RELIEF

In response to the unnumbered "Wherefore" 1-5, Defendant denies that Plaintiff is entitled to any of the relief requested in the "Wherefore" paragraphs, or any other relief.

## **JURY TRIAL DEMAND**

In response to the unnumbered jury trial demand, on Plaintiff's Complaint page 1, Defendant states that whether Plaintiff's claims entitled him to a trial by jury involves a legal determination that is not subject to admittance or denial.

## **DEFENSES AND AFFIRMATIVE DEFENSES**

Defendant asserts the following defenses. Defendant reserves the right to amend or supplement its answer and/or defenses as may be warranted by the information developed through subsequent discovery.

### **FIRST AFFIRMATIVE DEFENSE**

Defendant affirmatively alleges that Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### **SECOND SEPARATE AND AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred because he was a white-collar employee who was exempt under the administrative exemption, outside (or commissioned) salesperson exemption, executive exemption, highly paid/compensated exemption, combination of exemptions, and/or any other exemption available under federal and/or state law, from the statutory requirements on which such claims are based.

### **THIRD SEPARATE AND AFFIRMATIVE DEFENSE**

Defendant has at all times endeavored in good faith to comply with the provisions of the Fair Labor Standards Act ("FLSA") and applicable state laws, and it had reasonable grounds for believing that it was in compliance therewith.

**FOURTH SEPARATE AND AFFIRMATIVE DEFENSE**

Some or all of Plaintiff's claims are barred, in whole or in part, by statutory exclusions, exceptions or credits under the FLSA and/or state law.

**FIFTH SEPARATE AND AFFIRMATIVE DEFENSE**

Some or all of Plaintiff's claims are barred, in whole or in part, by the running of applicable statutes or other periods of limitations, including but not limited to 29 U.S.C. § 255 and 29 U.S.C § 1113.

**SIXTH SEPARATE AND AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the doctrines of accord and satisfaction, settlement, and/or payment and release.

**SEVENTH SEPARATE AND AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, because they failed to exhaust internal and/or administrative remedies.

**EIGHTH SEPARATE AND AFFIRMATIVE DEFENSE**

Some or all of Plaintiff's claims are barred, in whole or in part, by the doctrines of res judicata and/or collateral estoppel.

**NINTH SEPARATE AND AFFIRMATIVE DEFENSE**

Plaintiff's state law claims are preempted, in whole or in part, by the FLSA.

**TENTH SEPARATE AND AFFIRMATIVE DEFENSE**

The damages, if any, of Plaintiffs are barred or diminished by reason of their failure to mitigate those damages.

### ELEVENTH SEPARATE AND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by Plaintiff's agreement and consent to the compensation system that is the subject of the Complaint.

### TWELFTH SEPARATE AND AFFIRMATIVE DEFENSE

Plaintiff's claims for relief contained therein, is barred by the doctrine of laches.

### THIRTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

Plaintiff's claims for unjust enrichment, injunctive relief and other equitable relief are barred because Plaintiff has an adequate and complete remedy at law.

### FOURTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands.

### FIFTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

Any acts or omissions by Defendant that may be found in violation of the rights afforded by the FLSA were not willful, knowing or in reckless disregard, but instead occurred in good faith and with reasonable grounds for believing that Defendant was in full compliance with the FLSA, and in reliance on administrative regulations, orders, ruling, interpretations, practices or enforcement policies.

### SIXTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

Some or all of the disputed time for which Plaintiffs seek recovery of wages purportedly owed is not compensable pursuant to the *de minimis* doctrine.

### SEVENTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the provision of the Portal-To-Portal Act, 29 U.S.C. § 254, because Plaintiff was engaged in activities that were preliminary or postliminary to his principal activities.

### EIGHTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

The Complaint is barred to the extent that Plaintiff released Defendant from any claims they have against it.

### NINETEENTH SEPARATE AND AFFIRMATIVE DEFENSE

If Plaintiff sustained any damages, although such is not admitted hereby and is specifically denied, Defendant is entitled under the equitable doctrines of setoff and recoupment to offset all obligations of Plaintiff or to Defendant against any judgment that may be entered against Defendant.

### TWENTIETH SEPARATE AND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent they seek remedies beyond those provided for by the FLSA and/or applicable state laws.

### TWENTY-FIRST SEPARATE AND AFFIRMATIVE DEFENSE

The liquidated damages, punitive damages, penalties and/or attorneys' fees awards are not available for certain of the claims asserted.

### TWENTY-SECOND SEPARATE AND AFFIRMATIVE DEFENSE

Plaintiff's claims for any record keeping penalties should be denied because there is a good faith dispute as to whether any wages are due or records were required to be kept.

### TWENTY-THIRD SEPARATE AND AFFIRMATIVE DEFENSE

Defendant acted in conformity with official written interpretation of the federal law from the Department of Labor policy and reasonably relied on the policy in good faith.

### TWENTY-FOURTH SEPARATE AND AFFIRMATIVE DEFENSE

Some or all of the disputed time for which Plaintiffs seek recovery of wages purportedly owed is not compensable because the Defendant did not know and had no reason to know of the unreported hours.

### TWENTY-FIFTH SEPARATE AND AFFIRMATIVE DEFENSE

As a separate alternative affirmative defense to Plaintiff's Complaint, Defendant alleges that the claims contained in Plaintiff's Complaint may be barred by any or all of the affirmative defenses contemplated by Rule 8 of the Federal Rules of Civil Procedure. The extent to which Plaintiff's claims may be barred by one or more of said defenses, not specifically set out above, cannot be determined until Defendant has had an opportunity to complete discovery.  Therefore, Defendant incorporates all said affirmative defenses as it fully set forth herein.

### **COUNTERCLAIMS**

Defendant, for its Counterclaims against Plaintiff, state and allege as follows:

1.     Defendant realleges each and all of the allegations contained in its Answer and incorporate the same herein.

**GENERAL ALLEGATIONS**

2. Defendant is in the business selling various consumable commodities to manufacturers and other companies, including, but not limited to, janitorial supplies, safety equipment, automobile detailing, and office supplies.

3. Plaintiff was formerly employed by Defendant. On or about January 1, 2008, Plaintiff entered into a binding and enforceable Non-Compete/Employment Agreement (the "Agreement") with Defendant that governed the parties' relationship. A true and correct copy of the Agreement is attached as Exhibit A and incorporated herein by reference.

4. The Agreement provides, in relevant part:

8. Confidential Information: Trace [sic] Secrets and Proprietary Matters: EMPLOYEE shall not, during the term of this Agreement, any renewal thereof and at any time thereafter divulge, furnish or make accessible to anyone or use in any way (other than in the ordinary course of the business of Corporation or manufacturers represented by Corporation) any confidential or secret knowledge or information which EMPLOYEE has acquired or become acquainted with or will acquire or become acquainted with prior to the termination of this Agreement and any renewal thereof, whether development by himself or by others and whether concerning trade secrets, confidential or secret designs, processes, formulas, plans, devices sources or material (whether or not patented or paten able) of Corporation or manufacturers represented by Corporation or any manufacturer which Corporation represented directly or indirectly, useful in any aspect of the business of Corporation or manufacturers represented by Corporation; any confidential consumer, principal or supplier list of Corporation or secret development of research work of Corporation; or manufacturers represented by Corporation and any manufacturer which Corporation or any manufacturer represented by Corporation represents; or any other confidential or secret aspect of the business of Corporation or manufactures [sic] represented by the Corporation.

EMPLOYEE acknowledges that the above described knowledge of information constitutes a unique and valuable asset of Corporation or manufacturers represented by Corporation acquired at great time and expense by Corporation or manufacturers represented by Corporation, which is secret and confidential and which will be communicated to EMPLOYEE in confidence in the course of his duties hereunder and that any disclosure or other use of such knowledge or information other than for the sole benefit of Corporation would be wrongful and would cause irreparable harm to Corporation.  Both during and after the term of this Agreement, EMPLOYEE will refrain from any acts or omissions that would reduce the value of such knowledge or information to Corporation or manufacturers represented by Corporation.  At any time, if requested by Corporation or manufacturers represented by Corporation, EMPLOYEE shall surrender to Corporation or manufactures [sic] represented by Corporation any or all confidential information and all records, files and other documents provided to Independent Contractor by Corporation or manufacturers represented by Corporation and all copies thereof, related to such confidential information.

9.   Restrictive Covenant:

   (A) EMPLOYEE covenants and agrees that during the period of twenty-four (24) months following the termination of this Agreement and any renewal thereof, regardless of the cause of such termination, he will not, directly or indirectly, (whether as an officer, employee or in any other capacity as principal or agent or through any person, subsidiary, affiliate or employee, acting as nominee or agent) own, manage, operate, join, control or participate in any business under any name similar to the Corporation's and will not in any such manner, directly or indirectly, compete with the corporation or become interested in or employed by competitor of the Corporation, and further will not conduct, engage in, be interested in or associated with any person or entity involved in any of the following prohibited acts within the sales territory assigned to EMPLOYEE by Corporation.

   (B) The direct or indirect promotion, sale or sales administrating of any product or product lines of a manufacturer which Corporation represented while EMPLOYEE was engaged with Corporation or any product or product lines of a manufacturer which Corporation represents at the time of termination of this agreement any renewal thereof or had represented at any time while EMPLOYEE was with Corporation, or of any competitor or Corporation.

110108.3                                  10

(C) The solicitation, acceptance or placement of purchase orders or contracts of sale for any product or product lines of manufacturer which Corporation represented at the time of termination or had represented at any time while EMPLOYEE was under contract with Corporation, or of a competitor of Corporation.

(D) The attempt in any way to effect the discontinuance of any Corporation's business dealings with any manufacturer which Corporation currently represents and which Corporation may represent in the future.

(E) The solicitation or the attempt to influence or interfere with any person, employee, agent or independent contractor of Corporation or person doing business with Corporation, or in any way negatively affect the business relationship existing between Corporation and any such party, including prospective customers of Corporation.

(F) The solicitation, selling, or delivering of any services or products to any person or persons, who shall have been or may be prospective customers of Corporation, or who shall have been and/or whose addresses became known to EMPLOYEE in any manner during the existence of this Agreement.

(G) The soliciting, diverting, or taking away or attempting to solicit, divert, or take away any of the customers, business or patronage of such customers as were served by Corporation or may prospectively be served by Corporation in the aforesaid Territory during the period of this Agreement and whose names and/or addresses EMPLOYEE learned during such period or thereafter.

(H) The engaging in business of manufacturing, assembly, repackaging, distribution of any supplies, or products represented by Corporation, or in competition with Corporation.

. . .

20. Bailment: EMPLOYEE acknowledges, promises and agrees that the property set forth in Exhibit "D", which EMPLOYEE acknowledges is in his possession, is the property of the Corporation and is of the value as nest [sic] forth on Exhibit "D" and EMPLOYEE is indebted to and liable to Corporation for the value of the property in the event it is lost, stolen, destroyed, converted or is not returned immediately to Corporation upon request in the same condition as when tender [sic] to EMPLOYEE.

21. Attorney's Fees: In the event that Corporation commences litigation to enforce any of the terms and conditions hereof, EMPLOYEE shall pay to Corporation any and all costs and expenses, including attorney's fees, incurred by Corporation in connection with such litigation.

. . .

EXIBIT [sic] "D"

NU-SOURCE, INC. PROPERTY

BLACK BERRY CELL PHONE $500.00

CUSTOM BUILT LAPTOP COMPUTER MODEL# AL51 W/PWR CORD SERIAL# 5321W300210N07048 $3500

HP MOBIL PRINTER #460 W/POWER CORD & USB CABEL [sic] SERIAL# MY69D4Z217 #$400.00

PANTECH MOBILE CARD $299.00

FUEL CREDIT CARD

OFFICE KEY

SALES LITERATURE

CUSTOMER FILES

VENDOR FILES

. . .

5.	In consideration for signing the Agreement, Plaintiff received the benefits of employment with Defendant including, but not limited to, base compensation, company insurance programs and benefits, training, commissions, and other valuable consideration.

110108.3

6.     On or about January 18, 2010, Plaintiff solicited pricing information from a Nu-Source supplier, FilterSource.com, for what Plaintiff called a "non Nu-Source order." Plaintiff directed the supplier to respond to the Plaintiff's non Nu-Source email, mikeschlief@gmail.com.

7.     On or about April 27, 2010, Plaintiff brought Defendant's computer to RB's Computer Service, Inc. in Elk River, Minnesota.  Plaintiff instructed the computer technicians to (1) copy all of the computer's data, including confidential company data, onto an external hard drive supplied by the Plaintiff, and (2) to reformat the computer's hard drive (i.e., erase all of the computer's memory).  A true and correct copy of the Invoice is attached as Exhibit B and incorporated herein by reference.

8.     On June 16, 2010, while still employed by Defendant, Plaintiff filed to do business in Minnesota under the assumed name of Superior Sales & Service, 19448 Upland Street NW, Elk River, Minnesota, 55330.  A true and correct copy of the information filed with the Minnesota Secretary of State is attached as Exhibit C and incorporated herein by reference.

9.     Upon information and belief, Plaintiff d/b/a Superior Sales & Service operates a web site located at www.superiorsalesandservice.net where he offers for sale to anyone who places an order, various consumable commodities, including, but not limited to, janitorial supplies, safety equipment, automobile detailing, and office supplies. A true and correct copy of Superior Sales and Service's line card is attached as Exhibit D and incorporated herein by reference.

10. Upon information and belief, Plaintiff misappropriated Defendant's trade secrets and other confidential, competitive and proprietary information, and used the information to start a competing business d/b/a Superior Sales & Service as early as June 2010.

11. On or about July 13, 2010, Plaintiff terminated his employment with Defendant.

## COUNT I
## BREACH OF CONTRACT

12. Defendant reincorporates and realleges its allegations contained in Paragraphs 1 through 7 above.

13. Plaintiff signed the Agreement with Defendant for valuable consideration. The Agreement represents a valid and enforceable contract.

14. The Agreement specified that (1) for a period of twenty-four (24) months following Plaintiff's separation, Plaintiff was not to engage in a business that competes with Defendant or solicit Defendant's customers, (2) Plaintiff was to protect Defendants' trade secrets and other confidential, competitive and proprietary information belonging to Defendant, and (3) Plaintiff would return Defendant's property, including its computer, in the same condition as when it was tendered.

15. Plaintiff breached the Agreement with Defendant by, among other wrongful acts: (a) misappropriating and using Defendants' trade secrets and confidential information to start a competing business d/b/a Superior Sales and Service, (b) converting

or destroying property owned by Defendant, and (c) operating a business d/b/a Superior Sales and Service, which competes with Defendant.

16. Plaintiff's breach of the Agreement caused damage to Defendant.

17. As a direct and proximate result of Plaintiff's breaches of the Agreement, Defendant is entitled to damages in excess of $75,000, plus interest, attorneys' fees and costs, and to injunctive relief to prevent Plaintiff from continuing to breach his contractual duties to Defendant.

## COUNT II
## BREACH OF DUTY OF LOYALTY AND DUTY OF CONFIDENTIALITY

18. Defendant reincorporates and realleges its allegations contained in Paragraphs 1 through 16 above.

19. Plaintiff, as an employee of Defendant, owed Defendant common law duties of loyalty and confidentiality.

20. During the course of his employment with Defendant, Plaintiff obtained, had access to, and developed knowledge of certain confidential and proprietary information belonging to Defendant.

21. Plaintiff breached his duty of loyalty and duty of confidentiality by, among other wrongful acts, (1) starting a competing business no later than one (1) month before Plaintiff's employment with Defendant ended, (2) buying and reselling filters purchased through Defendant's supplier, FilterSource.com, and (3) retaining defendant's Defendants' trade secrets and other confidential, competitive and proprietary information belonging to Defendant after his employment was terminated.

22.     As a direct and proximate result of Plaintiff's breach of duty of loyalty and duty of confidentiality, Defendant has been damaged and is entitled to judgment against Plaintiff in an amount in excess of $75,000, the exact amount to be proven at trial.

## COUNT III
## CIVIL THEFT PURSUANT TO MINN. STAT. § 604.14

23.     Defendant reincorporates and realleges its allegations contained in Paragraphs 1 through 21 above.

24.     While employed by Defendant, Plaintiff instructed RB's Computer Service, Inc. in Elk River, Minnesota to copy all of the computer's data, including confidential company data, onto an external hard drive supplied by the Plaintiff.

25.     Plaintiff's actions with respect to Defendant's property constitute theft.

26.     Defendant is entitled to recover possession of all items and property belonging to Defendant that is in possession or control of Plaintiff.

27.     As a direct and proximate result of Plaintiff's wrongful acts, Defendant has been damaged in an amount equal to the fair market value of the property when stolen plus punitive damages as authorized by Minnesota Statutes Section 604.14.

## COUNT IV
## VIOLATION OF THE ARIZONA AND MINNESOTA
## TRADE SECRETS ACTS

28.     Defendant reincorporates and realleges its allegations contained in Paragraphs 1 through 26 above.

29.     During the course of his employment with Defendant, Plaintiff gained access to Defendants' trade secrets and other confidential, competitive and proprietary

information belonging to Defendant, including but not limited to, Defendant's customer and price lists.

30. Defendant derives economic value from its trade secrets and other confidential, competitive and proprietary information, and it takes reasonable efforts to maintain the information's secrecy.

31. The Agreement required Plaintiff to protect Defendant's trade secrets and other confidential, competitive and proprietary information belonging to Defendant.

32. Plaintiff misappropriated Defendant's trade secrets and other confidential, competitive and proprietary information belonging to Defendant by transferring the contents of his Defendant-supplied computer to an external hard drive in disregard for his duty to protect the secrecy of such information in violation of the Arizona Trade Secrets Act, Arizona Revised Statutes § 44-401, *et seq.* and/or the Minnesota Trade Secrets Act, Minnesota Statutes Chapter 325C, *et. seq*.

33. Upon information and belief, Plaintiff has disclosed and used (and will continue to use) trade secrets and other confidential, competitive and proprietary information belonging to Defendant under circumstances in which Plaintiff had a duty to protect the secrecy of such information in violation of the Arizona Trade Secrets Act, Arizona Revised Statutes § 44-401, *et seq.* and/or the Minnesota Trade Secrets Act, Minnesota Statutes Chapter 325C, *et. seq*.

34. Plaintiff's misappropriation of Defendant's trade secrets and other confidential, competitive and proprietary information caused harm to Defendant.

35. As a direct and proximate result of Plaintiff's actual and threatened misappropriation and use of trade secrets and confidential information, Defendant is entitled to damages in excess of $75,000, in an exact amount to be proven at trial, injunctive relief, recovery of attorneys' fees and all other remedies recoverable at law.

### COUNT V
### UNFAIR COMPETITION AND UNJUST ENRICHMENT

36. Defendant reincorporates and realleges its allegations contained in Paragraphs 1 through 34 above.

37. Plaintiff intentionally breached Defendant's Agreement with Plaintiff in order to obtain an unfair and prohibited competitive advantage.

38. Plaintiff has, upon information and belief, unlawfully procured and used (and will continue to use) trade secrets and other confidential, competitive and proprietary information belonging to Defendant, under circumstances in which Plaintiff had a duty to protect the secrecy of such information, to obtain an unfair and prohibitive competitive advantage, and to unjustly enrich himself to Defendant's detriment.

39. As a direct and proximate result of Plaintiff's actual and threatened misappropriation and use of trade secrets and confidential information, Defendant is entitled to damages in excess of $75,000, in an exact amount to be proven at trial, and injunctive relief to prevent Plaintiff from continuing to engage in unfair competition and unjust enrichment.

## COUNT VI
## TORTIOUS INTERFERENCE WITH CONRACTUAL AND BUSINESS RELATIONS

40. Defendant reincorporates and realleges its allegations contained in Paragraphs 1 through 38 above.

41. As specifically enumerated above, Plaintiff was aware of the Agreement and intentionally violated the Agreement without justification, causing harm to Defendant.

42. As enumerated above, Plaintiff was aware of Defendant's contractual and business relations with its customers and suppliers, yet Plaintiff unlawfully and intentionally interfered with those contractual and business relations without justification.

43. Plaintiff's interference has and will continue to cause harm to Defendant.

44. As a direct and proximate result of Plaintiff's intentional interference with Defendant's contractual and business relations, Defendant is entitled to damages in excess of $75,000, in an exact amount to be proven at trial, recovery of attorneys' fees and costs, and injunctive relief to prevent Plaintiff from continuing to engage in said tortious interference.

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff take nothing by way of his pretended Complaint and that Plaintiff's Complaint be dismissed in its entirety, with prejudice;

2. For costs and attorneys' fees incurred as a result of this lawsuit;

On Defendant's Counterclaims against Plaintiff:

1. For costs and attorneys' fees incurred as a result of this lawsuit;

    2.      For damages in an amount in excess of $75,000, in an exact amount to be proven at trial;

    3.      For costs and attorneys' fees incurred as a result of this lawsuit;

    4.      For such other relief as the Court deems just and proper.

Dated:  November 29, 2010.      FELHABER, LARSON, FENLON & VOGT, P.A.

                                        By:   s/Sara Gullickson McGrane
                                             Sara Gullickson McGrane, #233213
                                             Brian T. Benkstein, #325545
                                             Grant T. Collins, #0390654

                                          220 South Sixth Street, Suite 2200
                                          Minneapolis, MN 55402
                                          (612)339-6321
                                          (612)338-0535 (facsimile)

                                          ATTORNEYS FOR DEFENDANT
                                          NU-SOURCE, INC.