UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Michael L. Schlief, | Civil No. 10-4477 (DWF/SRN) |
| Plaintiff, | |
| v. | **PRETRIAL SCHEDULING ORDER** |
| Nu-Source, Inc., | |
| Defendant. | |

---

Pursuant to Rule 16 of the Federal Rules of Civil Procedure and the Local Rules of this Court, and in order to secure the just, speedy and inexpensive determination of this action, the following schedule shall govern these proceedings. The schedule may be modified only upon formal motion and a showing of good cause as required by Local Rule 16.3.

<u>Pleadings and Disclosures</u>

January 11, 2011    All pre-discovery disclosures required by Rule 26(a)(1), including production of documents, shall be completed on or before this date.

<u>Discovery and Nondispositive Motions</u>

Disclosure of the identity of expert witnesses under Rule 26(a)(2)(A) and the full disclosures required by Rule 26(a)(2)(B), accompanied by the written report prepared and signed by the expert witness, shall be made as follows:

September 1, 2011    By plaintiff

September 1, 2011    By defendant

August 1, 2011    All fact discovery of any kind shall be commenced in time to be completed by this date.

August 1, 2011    All expert discovery of any kind, including expert depositions, shall be commenced in time to be completed by this date.

August 1, 2011    All non-dispositive motions and supporting pleadings (notice of motion, motion, affidavits, exhibits, memorandum of law, and proposed order), including those which relate to discovery and any request for extension of this Pretrial Scheduling Order, shall be served, filed and HEARD by this date. Prior to

scheduling any non-dispositive motion and following the conference required by Fed. R. Civ. P. 37(a)(1) and L.R. 37.1, the parties are encouraged to consider whether the motion, including motions relating to discovery and scheduling, can be informally resolved through a telephone conference with the Magistrate Judge.[1]  To the extent that any non-dispositive motion is to be filed, such motion shall be scheduled for hearing by calling Melissa Erstad, Calendar Clerk to Magistrate Judge Steven E. Rau, (651) 848-1620.  A Reply Memorandum not exceeding 1750 words (including footnotes) may be filed and delivered to opposing counsel and the chambers of this Court no later than 12:00 noon two business days preceding the hearing, so long as the total word count for the original and reply memorandum does not exceed 12,000 words.  All non-dispositive motions shall be scheduled, filed and served in compliance with the Electronic Case Filing Procedures for the District of Minnesota and in compliance with Local Rules 7.1, 37.1 and 37.2 as modified as follows: When a submission is filed on ECF, two paper hard copies, three-hole punched, of the entire submission shall be mailed or delivered to the undersigned in an envelope addressed to Melissa Erstad, Calendar Clerk, contemporaneously with the submission being posted on ECF.  In addition, with respect to any submission filed with the Court which is sealed and posted on ECF with a placeholder, the sealed submission shall be sent electronically or hand delivered to all parties and the Court contemporaneously with the documents being posted on ECF.

<u>Settlement Conference, Dispositive Motions and Trial</u>

A settlement conference shall take place at 9:00 a.m. in the chambers of the undersigned.  A

---

[1]   At the Rule 16 Scheduling Conference, the Court advised the parties that it is willing to resolve nondispositive disputes between the parties on an informal basis via a telephone conference. However, before the Court will agree to proceed with this informal resolution mechanism, the "meet and confer" required by Fed. R. Civ. P. 37(a)(1) and L.R. 37.1 must have taken place, and all parties to the dispute must <u>agree</u> to use this informal resolution process as the very nature of the process is such that the parties are giving up rights they would otherwise have (<u>e.g.</u> the dispute is heard over the phone; there is no recording or transcript of the phone conversation; no briefs, declarations or sworn affidavits are filed). If the parties do <u>agree</u> to use this informal resolution process, one of the parties shall contact Calendar Clerk Katherine Haagenson, 651-848-1190, to schedule the conference. The parties <u>may</u> (but are not required to do so) submit <u>short</u> letters, with or without a limited number of documents attached, prior to the conference to set forth their respective positions. The Court will read the written submissions of the parties before the phone conference, hear arguments of counsel at the conference, and if no one changes their decision during the phone conference regarding their willingness to participate in this informal resolution process, the Court will issue its decision at the conclusion of the phone conference or shortly after the conference. Depending on the nature of the dispute, the Court may or may not issue a written order.  If there is no agreement to resolve a dispute through this informal resolution process, then the dispute must be presented to the Court via formal motion and hearing.

settlement conference order will be issued to the parties approximately six weeks before the conference.

Counsel for the moving party shall call Calendar Clerk Brenda Schaffer, 651-848-1296, to schedule the hearing for the dispositive motion. All dispositive motions shall be scheduled, filed and served in compliance with the Electronic Case Filing Procedures for the District of Minnesota and in compliance with Local Rule 7.1. When a motion, response or reply brief is filed on ECF, two paper courtesy copies of the pleading and all supporting documents shall be mailed or delivered to Calendar Clerk contemporaneously with the documents being posted on ECF.

This case shall be ready for trial as of February 12, 2012. The parties estimate that trial of this matter will take 4 days.

General

No more than 8 depositions shall be taken per party.

No more than 30 Interrogatories (including all subparts) shall be served by one party on another party.

No more than 50 document requests shall be served by one party on another party.

Each party may depose all disclosed experts.

Each party may call all disclosed experts at trial.

Electronic Discovery

The parties shall preserve all electronic documents that bear on any claims, defenses or the subject matter of this lawsuit.

Dated: February 4, 2011                                        *s/Steven E. Rau*
                                                               Steven E. Rau
                                                               U.S. Magistrate Judge