UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Michael L. Schlief,                                    Civil No. 10-04477 (DWF/SER)

    Plaintiff / Counter Defendant,

vs.                                                    **FIRST AMENDED ANSWER**

Nu-Source, Inc.,

    Defendant / Counter Claimant.

Defendant, Nu-Source, Inc., for its First Amended Answer to Plaintiff's First Amended Complaint, admits, denies and alleges as follows:

1. Except as otherwise specifically admitted, clarified, or qualifiedly admitted, Defendant denies each and every allegation in Plaintiff's First Amended Complaint.

2. With respect to the allegations in Paragraphs 1, 2, and 3, the paragraphs contain jurisdictional and venue allegations that are neither properly admitted nor denied. To the extent they are construed to contain allegations of fact, they are denied.

3. Paragraph 4 contains a legal conclusion, not factual allegations, which is neither properly admitted nor denied. To the extent it is deemed to contain factual allegations, Defendant is without sufficient information to admit or deny where Plaintiff currently resides.

4. Defendant admits the allegation contained in the first sentence of Paragraph 5. Defendant denies the allegation contained in the second sentence. The third sentence

175336.1

contains a legal conclusion, not factual allegations, which is neither properly admitted nor denied. To the extent it is deemed to contain factual allegations, they are denied.

5. With respect to Paragraph 6, Defendant denies the allegation.

6. With respect to Paragraph 7, Defendant admits the allegation.

7. With respect to Paragraph 8, Defendant admits only that Plaintiff occasionally worked in New York. The rest of the allegations contained in Paragraph 8 are denied.

8. With respect to Paragraph 9, Defendant admits only that Plaintiff relocated to Endicott, New York, and that defendant rented a warehouse, which included a living area for Plaintiff to reside. The rest of the allegations contained in Paragraph 9 are denied.

9. With respect to the first sentence of Paragraph 10, Defendant admits generally that in or around May 2008 Plaintiff drove by car to New York. Defendant denies the second sentence.

10. Defendant denies the allegations contained in Paragraph 11.

11. With respect to the first sentence of Paragraph 12, Defendant denies the allegation. The second sentence is a legal conclusion that is neither properly admitted nor denied. To the extent it is considered to contain factual allegations, it is denied. Defendant denies the third sentence.

12. Defendant denies the allegations contained in Paragraphs 13 and 14.

13. With respect to the first sentence of Paragraph 15, Defendant is without sufficient information as to when Plaintiff moved, so it denies the allegation. Defendant denies the allegation contained in the second sentence.

14. With respect to Paragraph 16, Defendant admits that on or about July 13, 2010, Plaintiff terminated his employment with Defendant.

15. Defendant denies the allegations contained in Paragraphs 17 and 18.

16. With respect to Paragraph 19, Defendant states that the document speaks for itself.

17. With respect to the first sentence of Paragraph 20, Defendant is without knowledge as to when precisely Plaintiff filed his claim with the Minnesota Department of Labor and Industry. With respect to the second sentence, Defendant admits receiving notice of Plaintiff's claim. Defendant denies the allegations contained in the third and fourth sentences.

18. With respect to the first sentence of Paragraph 21, Defendant admits the allegation. Defendant denies the allegation in the second sentence.

19. Defendant denies the allegations contained in Paragraph 22.

20. Defendant denies the allegations contained in Paragraph 23. Defendant additionally states that the document speaks for itself.

21. Defendant denies the allegations contained in Paragraph 24. Defendant additionally states that the document speaks for itself.

22. With respect to the allegations contained in Paragraphs 25, 30, 35, 39, 42, 46, 51, and 56 of Plaintiff's First Amended Complaint, Plaintiff is attempting to

incorporate previously pled paragraphs, and Defendant asserts the same answers and defenses in all previous paragraphs as if fully set forth herein.

23. With respect to the allegations contained in Paragraphs 26, 31, and 45 of Plaintiff's First Amended Complaint, Defendant states that these are mere legal conclusions which require no answer. To the extent that these Paragraphs are deemed to be allegations of fact against Defendant, the same are denied.

24. Defendant denies the allegations contained in Paragraphs 27, 28, 29, 32, 33, 34, 36, 37, 38, 40, 41, 43, 44, 47, 48, 49, 50, 52, 53, 54, 55, 57, and 58 of Plaintiff's First Amended Complaint.

## PRAYER FOR RELIEF

In response to the unnumbered "Wherefore" 1-8, Defendant denies that Plaintiff is entitled to any of the relief requested in the "Wherefore" paragraphs, or any other relief.

## JURY TRIAL DEMAND

In response to the unnumbered jury trial demand, on Plaintiff's First Amended Complaint page 1, Defendant states that whether Plaintiff's claims entitled him to a trial by jury involves a legal determination that is not subject to admittance or denial.

## DEFENSES AND AFFIRMATIVE DEFENSES

Defendant asserts the following defenses. Defendant reserves the right to amend or supplement its answer and/or defenses as may be warranted by the information developed through subsequent discovery.

## FIRST AFFIRMATIVE DEFENSE

Defendant affirmatively alleges that Plaintiff's First Amended Complaint fails to state a claim upon which relief may be granted.

## SECOND SEPARATE AND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because he was a white-collar employee who was exempt under the administrative exemption, outside (or commissioned) salesperson exemption, executive exemption, highly paid/compensated exemption, Motor Carrier exemption, combination of exemptions, and/or any other exemption available under federal and/or state law, from the statutory requirements on which such claims are based.

## THIRD SEPARATE AND AFFIRMATIVE DEFENSE

Defendant has at all times endeavored in good faith to comply with the provisions of the Fair Labor Standards Act ("FLSA") and applicable state laws, and it had reasonable grounds for believing that it was in compliance therewith.

## FOURTH SEPARATE AND AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are barred, in whole or in part, by statutory exclusions, exceptions or credits under the FLSA and/or state law.

## FIFTH SEPARATE AND AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are barred, in whole or in part, by the running of applicable statutes or other periods of limitations, including but not limited to 29 U.S.C. § 255 and 29 U.S.C § 1113.

**SIXTH SEPARATE AND AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the doctrines of accord and satisfaction, settlement, and/or payment and release.

**SEVENTH SEPARATE AND AFFIRMATIVE DEFENSE**

Some or all of Plaintiff's claims are barred, in whole or in part, by the doctrines of res judicata and/or collateral estoppel.

**EIGHTH SEPARATE AND AFFIRMATIVE DEFENSE**

Plaintiff's state law claims are preempted, in whole or in part, by the FLSA.

**NINTH SEPARATE AND AFFIRMATIVE DEFENSE**

The damages, if any, of Plaintiffs are barred or diminished by reason of their failure to mitigate those damages.

**TENTH SEPARATE AND AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred in whole or in part by Plaintiff's agreement and consent to the compensation system that is the subject of the First Amended Complaint.

**ELEVENTH SEPARATE AND AFFIRMATIVE DEFENSE**

Plaintiff's claims for relief contained therein, is barred by the doctrine of laches.

**TWELFTH SEPARATE AND AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the doctrine of unclean hands.

**THIRTEENTH SEPARATE AND AFFIRMATIVE DEFENSE**

Any acts or omissions by Defendant that may be found in violation of the rights afforded by the FLSA were not willful, knowing or in reckless disregard, but instead occurred in good faith and with reasonable grounds for believing that Defendant was in

full compliance with the FLSA, and in reliance on administrative regulations, orders, ruling, interpretations, practices or enforcement policies.

### FOURTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

Some or all of the disputed time for which Plaintiffs seek recovery of wages purportedly owed is not compensable pursuant to the *de minimis* doctrine.

### FIFTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the provision of the Portal-To-Portal Act, 29 U.S.C. § 254, because Plaintiff was engaged in activities that were preliminary or postliminary to his principal activities.

### SIXTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

The First Amended Complaint is barred to the extent that Plaintiff released Defendant from any claims they have against it.

### SEVENTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

If Plaintiff sustained any damages, although such is not admitted hereby and is specifically denied, Defendant is entitled under the equitable doctrines of setoff and recoupment to offset all obligations of Plaintiff or to Defendant against any judgment that may be entered against Defendant.

### EIGHTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent they seek remedies beyond those provided for by the FLSA and/or applicable state laws.

### NINETEENTH SEPARATE AND AFFIRMATIVE DEFENSE

The liquidated damages, punitive damages, penalties and/or attorneys' fees awards are not available for certain of the claims asserted.

### TWENTIETH SEPARATE AND AFFIRMATIVE DEFENSE

Plaintiff's claims for any record keeping penalties should be denied because there is a good faith dispute as to whether any wages are due or records were required to be kept.

### TWENTY-FIRST SEPARATE AND AFFIRMATIVE DEFENSE

Defendant acted in conformity with official written interpretation of the federal law from the Department of Labor policy and reasonably relied on the policy in good faith.

### TWENTY-SECOND SEPARATE AND AFFIRMATIVE DEFENSE

Some or all of the disputed time for which Plaintiffs seek recovery of wages purportedly owed is not compensable because the Defendant did not know and had no reason to know of the unreported hours.

### TWENTY-THIRD SEPARATE AND AFFIRMATIVE DEFENSE

As a separate alternative affirmative defense to Plaintiff's First Amended Complaint, Defendant alleges that the claims contained in Plaintiff's First Amended Complaint may be barred by any or all of the affirmative defenses contemplated by Rule 8 of the Federal Rules of Civil Procedure. The extent to which Plaintiff's claims may be barred by one or more of said defenses, not specifically set out above, cannot be

determined until Defendant has had an opportunity to complete discovery. Therefore, Defendant incorporates all said affirmative defenses as it fully set forth herein.

Dated:  September 14, 2011.        FELHABER, LARSON, FENLON & VOGT, P.A.

By:    s/Grant T. Collins
    Sara Gullickson McGrane, #233213
    Grant T. Collins, #0390654

220 South Sixth Street, Suite 2200
Minneapolis, MN 55402
(612)339-6321
(612)338-0535 (facsimile)

ATTORNEYS FOR DEFENDANT
NU-SOURCE, INC.